UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIE INSURANCE COMPANY,<br><br>Defendant. | Case No.  23-cv-6652<br><br>**COMPLAINT** |

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendant, Erie Insurance Company, ("Erie"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Erie is obligated to defend and indemnify Tech Park Owner LLC ("Tech Park"), Tryad Group LLC ("Tryad"), and Tryad Group management LLC ("TGM") in a lawsuit entitled *Joan Powell v. Tech Park Owner LLC, et al.*, in the Supreme Court of the State of New York, County of Monroe, Index Number E2019005765 (the "Underlying Action"), as additional insureds under a policy of insurance issued by Erie on a primary, non-contributory basis.

## THE PARTIES

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Erie was and is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania.

1

## JURISDICTION AND VENUE

4.This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5.In the Underlying Action, Joan Powell ("Claimant") seeks recovery for alleged personal injuries including but not limited to right shoulder rotator cuff tear; tear of right biceps tendon; exacerbation of osteoarthritis of right shoulder; surgical scarring; sleep disturbances; intermittent lightheadedness; and dizziness. Therefore, the purported value of the Underlying Action exceeds $75,000.

6.Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7.An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Erie.

8.Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9.Erie issued a commercial general liability insurance policy to Scott's Landscaping Inc. ("Scott's") for the policy period April 17, 2017 to April 17, 2018 (the "Erie Policy").

10.Subject to certain terms, conditions, and exclusions, the Erie Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11.The Erie Policy contains endorsement CG 20 10 (Ed. 4/13), entitled ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR

ORGANIZATION, which modifies the Commercial General Liability Coverage Part, and affords additional insured coverage to Tech Park, Tryad, and TGM:

> [B]ut only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the locations designated above.

12. The Erie Policy contains a Fivestar Contractors' Extra Liability Coverages endorsement, which modifies the Commercial General Liability Coverage Part, and provides in part:

> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:
>
> 1. The additional insured is a Named Insured under such other insurance; and
>
> 2. You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

13. Travelers issued a commercial general liability insurance policy to Tryad for the policy period August 14, 2017 to August 14, 2018 (the "Travelers Policy").

14. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

15. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other insurance that is "available to the insured when the insured is added as an additional insured under any other policy[.]"

## BACKGROUND FACTS

1. Tech Park, as Owner, and Scott's, as Contractor, entered into a Service Agreement dated October 3, 2017 (the "Service Agreement") for Scott's to perform certain snow removal services at the Rochester Technology Park located at 789 Elmgrove Road, Rochester, NY beginning November 1, 2017 through April 24, 2018.

2. The terms of the Service Agreement required Scott's to obtain and maintain comprehensive general liability insurance with a combined single limit of at least $2,000,000 per occurrence for bodily injury, death, or property damage naming Tech Park, Tryad, and TGM as additional insureds.

3. Upon information and belief, Scott's performed services under the Service Agreement at the 789 Elmgrove Road, Rochester, NY on January 17, 2018.

4. In the Underlying Action, Claimant alleges that on January 17, 2018, she was suddenly and unexpectedly caused to slip and fall as a result of an accumulation of snow and/or ice in the parking lot of the premises located at 789 Elmgrove Road, Gates, NY.

5. Claimant alleges she was caused to be injured as a result of "Failing to properly and adequately salt, sand, shovel, plow or otherwise remove ice and snow from the subject area, thereby creating a dangerous condition which proximately caused the [Claimant] to fall."

6. In the Underlying Action, Claimant asserts causes of action against Tech Park, Tryad, TGM, and Scott's seeking to recover for her injuries based on theories of negligence.

7. Travelers has been providing and continues to provide Tech Park, Tryad, and TGM a defense in the Underlying Action.

**TENDERS TO ERIE**

8. By correspondence dated August 6, 2019, Travelers tendered the defense and indemnity of Tech Park and Tryad to Erie.

9. Erie rejected Travelers' tender by correspondence dated October 9, 2019.

10. By correspondence dated October 13, 2020, Travelers retendered the defense and indemnity of Tech Park and Tryad to Erie.

11. Erie rejected Travelers' retender by correspondence dated November 9, 2020.

12. By correspondence dated November 12, 2020, Travelers retendered the defense and indemnity of Tech Park and Tryad to Erie.

13. By correspondence dated June 15, 2022, Travelers again retendered the defense and indemnity of Tech Park and Tryad to Erie.

14. Erie did not respond to Travelers' June 15, 2022 retender.

15. Erie has refused to provide additional insured coverage to Tech Park, Tryad, or TGM under the Erie Policy.

16. Erie has refused to provide a defense to Tech Park, Tryad, or TGM under the Erie Policy.

**CAUSE OF ACTION FOR DECLARATORY RELIEF**

17. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "16" above as if fully set forth herein.

18. Tech Park, Tryad, and TGM qualify as additional insureds under the Erie Policy.

19. Tech Park, Tryad, and TGM are entitled to a defense under the Erie Policy.

20. Tech Park, Tryad, and TGM are entitled to indemnification under the Erie Policy for any verdict or judgment rendered against them in the Underlying Action.

21. The coverages provided to Tech Park, Tryad, and TGM under the Erie Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

22. Erie has refused to fulfill its coverage obligations to Tech Park, Tryad, and TGM with respect to the Underlying Action.

23. Accordingly, Travelers seeks a declaration that Erie has an obligation to defend and indemnify Tech Park, Tryad, and TGM as additional insureds under the Erie Policy; that the coverages provided by the Erie Policy to Tech Park, Tryad, and TGM are primary; and that the obligations of Travelers to Tech Park, Tryad, and TGM in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Erie Policy.

24. In addition, Travelers seeks an award at law and in equity against Erie for recovery of all sums Travelers has paid and continues to pay in the defense of Tech Park, Tryad, and TGM in the Underlying Action because the coverages provided by the Erie Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Tech Park, Tryad, and TGM are insureds under the Erie Policy to whom Erie owes coverage with respect to the Underlying Action;

2. Declaring that Erie has a duty to defend Tech Park, Tryad, and TGM in connection with the Underlying Action;

3. Declaring that Erie has a duty to indemnify Tech Park, Tryad, and TGM in connection with the Underlying Action;

4. Declaring that Erie's coverage obligations to Tech Park, Tryad, and TGM with respect to the Underlying Action are primary to any coverage provided by Travelers to Tech Park, Tryad, and TGM;

5. Declaring that the obligations of Travelers to Tech Park, Tryad, and TGM in connection with the Underlying Action are excess and non-contributory to those of Erie;

6. Awarding judgment against Erie in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Tech Park, Tryad, and TGM in the Underlying Action;

7. Awarding judgment against Erie in an amount equal to any sums that Travelers may incur to resolve and indemnify Tech Park, Tryad, and/or TGM for the claims in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 13, 2023

USERY & ASSOCIATES

 /s/Lisa Szczepanski
By: Lisa Szczepanski
*Attorneys for Travelers Property Casualty Company of America*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017